UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL,<br><br>           Plaintiff,<br><br>    v.<br><br>CHAPLAIN AMAH, et al.,<br><br>           Defendants. | No.  2:14-cv-1597 GEB KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on July 18, 2014.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  As noted in this court's screening order, plaintiff's amended complaint states potentially cognizable claims against defendants Amah and Howard.  (ECF No. 26.) Defendants filed an answer.  (ECF No. 28.0

All defendants have moved to revoke plaintiff's in forma pauperis status on the grounds that plaintiff previously filed at least three actions or appeals that constitute strikes under 28 U.S.C. § 1915(g), and plaintiff was not in imminent danger of physical injury at the time he filed this action.  In his opposition, plaintiff contends that his complaint was filed prior to the third dismissal relied upon by defendants; it is unclear whether all the dismissals count as strikes; and

1

he was and still is in imminent danger of serious physical injury because he has not received a religious diet meal since August 19, 2015. Plaintiff concedes he sustained a strike in Case No. 1:12-cv-1299 RRB, but argues that the other dismissals are "only permissible, not mandatory strikes." (ECF No. 35 at 2.) Plaintiff argues that because he originally filed the complaint on April 28, 2014, in Case No. 2:13-cv-1054 KJN, this action is not barred because it was filed prior to the alleged three strikes.

In reply, defendants counter that the three dismissals upon which they rely occurred on February 14, 2013, August 6, 2013, and June 21, 2013, prior to the July 7, 2014 filing of the instant case; thus plaintiff had sustained the strikes prior to filing the instant action. Defendants argue that plaintiff has identified no physical injury that he was in danger of suffering at the time of the instant filing.

As set forth more fully below, the court finds that plaintiff has suffered three prior dismissals that constitute strikes under 28 U.S.C. § 1915(g); thus, defendants' motion to revoke plaintiff's in forma pauperis status is granted, and plaintiff must pay the filing fee in full to proceed with this action.

II. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the

prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Cervantes, 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. at 1120 (quoting § 1915(g)). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).[1]

Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. King, 398 F.3d at 1120. If the plaintiff fails to meet that burden, plaintiff's in forma pauperis status should be revoked under 28 U.S.C. § 1915(g). King, 398 F.3d at 1120.

////

---

[1] Plaintiff's argument that certain dismissals cannot count as strikes because the court did not expressly "deem" the dismissal to be a strike is unavailing in light of Knapp and King.

III.  Plaintiff's Prior Actions

The court agrees with defendants that on two prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  See O'Neal v. Dep't of Children's Services, 13-0176 UA (MAN) (C.D. Cal.) (frivolous, malicious or fails to state a claim); and O'Neal v. Reovan, 13-55523 (9th Cir.) (appeal found to be frivolous), see Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015) (a dismissal that is on appeal counts as a strike during the pendency of the appeal).[2]  (ECF No. 30 at 4, 42.)

Defendants also contend that the dismissal of plaintiff's case O'Neal v. Solis, 1:12-cv-1299 RRB (E.D. Cal.), should also be counted as a § 1915(g) strike.  Defendants provided a copy of the district court's screening order and order dismissing the complaint.  (ECF No. 30 at 10-40.) Defendants argue that the

> district court, in its screening order, dismissed some claims for failure to state a claim, some claims for failure to exhaust, and some claims on both grounds. The court allowed one claim against two defendants to proceed. Plaintiff moved for reconsideration of the screening order. In evaluating Plaintiff's motion, the district court determined that Plaintiff had failed to exhaust his claim against the two remaining defendants, and it dismissed the case, noting that the dismissal was also based on a failure to state a claim (see Footnote 6 of the decision) and explicitly stating that the dismissal counted as a strike under § 1915(g) (see Page 4 of the decision).

(ECF Nos. 29-1 at 4, 30 at 26-33; 37-40.)  Plaintiff appears to concede that he sustained a strike in this case.  (ECF No. 35 at 2.)  But plaintiff then argues that the other dismissals are only permissible, not mandatory strikes.  (Id.)[3]  However, the two other cases cited by defendants were dismissed as frivolous and failure to state a claim, both clearly-identified, unambiguous reasons

---

[2]  Defendants' request for judicial notice is granted.  (ECF No. 30.)  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3]  Plaintiff also references his case O'Neal v. Peterson, 13-cv-1054 KJM KJN (E.D. Cal.), but this case was not dismissed.  Rather, defendants were granted summary judgment on June 2, 2015. Id. (ECF No. 44.)  Such dismissal does not constitute a strike under § 1915(g).

under § 1915(g). (ECF No. 30 at 4, 42.) However, the language in <u>Solis</u>, 1:12-cv-1299 RRB, is not as clear. Thus, despite plaintiff's apparent concession, and liberally construing plaintiff's argument, the court has reviewed both the screening order and the dismissal order entered in <u>Solis</u>, 1:12-cv-1299 RRB. In the initial screening order, the district found that plaintiff had "failed to plead facts sufficient to warrant the granting of the relief requested, or any relief at all" as to plaintiff's claims V, VI, and VII, which were then dismissed with prejudice, and noted that if plaintiff had not exhausted his administrative remedies, the court would issue a revised order. <u>Solis</u>, 1:12-cv-1299 RRB, (ECF No. 30 at 30, 33). Upon reconsideration, in the final dismissal order, the district court again dismissed plaintiff's claims V, VI, and VII, with prejudice, and specifically ordered that the dismissal be counted as a strike under § 1915(g). <u>Solis</u>, 1:12-cv-1299 RRB (ECF No. 30 at 40.) In addition, the district court also found that any appeal plaintiff might file would be "frivolous or taken in bad faith," and revoked plaintiff's in forma pauperis status. <u>Solis</u>, 1:12-cv-1299 RRB (ECF No. 30 at 39-40).

In <u>Louis Butler O'Neal v. Price</u>, 531 F.3d 1146 (9th Cir. 2008), the Ninth Circuit held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." <u>Id.</u> at 1153 (alteration in original). The court also rejected the prisoner's claim that a civil rights case did not constitute a strike because it had not been dismissed for one of the reasons set forth in § 1915(g). <u>Price</u>, 531 F.3d at 1156. In addressing whether the prisoner had sustained a strike in <u>Louis Butler</u> O'Neal v. Parriott, No. 99-8370 (C.D. Cal.), where the district court dismissed the complaint both for failure to exhaust and for failure "to state a substantive claim for the alleged deprivation of his medicine," the Ninth Circuit found that it was "clear from the magistrate judge's reasoning (which was adopted by the district court) that he considered [the prisoner's] failure to state a claim to be a fully sufficient condition for his recommendation for a dismissal with prejudice." Thus, on appeal, the Ninth Circuit found that the dismissal of <u>Parriott</u> was also a strike under § 1915(g). <u>Price</u>, 531 F.3d at 1156.

Here, just as in <u>Parriott</u>, the reasoning of the district court in <u>Solis</u> is clear.  In <u>Solis</u>, the district court found that plaintiff failed to state sufficient factual allegations in support of his claims V, VI, VII, and dismissed them with prejudice, and then ordered that his finding be counted as a strike under § 1915(g).  Thus, the dismissal of <u>Solis</u>, 1:12-cv-1299 RRB, also counts as a strike under § 1915(g).

IV. <u>Imminent Danger</u>

Because plaintiff has filed three cases that constitute strikes under § 1915(g), he is precluded from proceeding in forma pauperis in this action unless he can demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  The court reviewed plaintiff's amended complaint, and plaintiff does not allege facts demonstrating an imminent danger of serous physical injury.  (ECF No. 25, *passim*.)  In his opposition, plaintiff claims that he has not received a religious diet meal since August 19, 2015, and that the denial of a religious diet places him in imminent danger of serious physical injury. (ECF No. 35 at 1.)  However, at the time plaintiff filed his amended complaint, he was housed at California State Prison, Folsom, and alleged that defendants at High Desert State Prison had withheld his religious diet for two months in 2012.  Plaintiff is now housed at California State Prison in Corcoran.  Thus, plaintiff fails to allege facts identifying the physical injury he was in danger of suffering at the time he filed this action.  Thus, plaintiff fails to demonstrate that he is at risk of an imminent danger of serious physical injury.

V. <u>Conclusion</u>

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed the instant pleading, defendants' motion should be granted, and plaintiff should be required to submit the appropriate filing fee in order to proceed with this action.  Plaintiff is cautioned that failure to pay the filing fee will result in a recommendation that this action be granted.

////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 29) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 4) be revoked; and

3. Plaintiff be ordered to pay the $400.00 filing fee within thirty days from any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/onea1597.mtd.1915g